**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| QUINTON COX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-485-JDK-JDL |
| | § | |
| CAPTAIN KETH FOUST, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Quinton Cox, an inmate in the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. The matter was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On June 10, 2026, Judge Love issued a Report (Docket No. 19) recommending that the Defendants' motion to dismiss (Docket No. 15) be granted and the case dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). A copy of the Report was sent to Plaintiff, and he filed timely objections. Docket No. 21.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

For portions of the Report to which no objections are filed, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that the standard of review is "clearly erroneous, abuse of discretion and contrary to law" if no objections to a Magistrate Judge's Report are filed).

**I.**

**A.**

Plaintiff first objects that the motion to dismiss should not be granted because "the violation of clearly established law was at hand when plaintiff notified defendants . . . . A right has been clearly established when the contours of that right were sufficiently made clear upon notice." Docket No. 21 at 1. He goes on to say that it was error to stay discovery of facts that would have aided Plaintiff in raising an "adequate reply" to the Defendants.

Objecting to a separate order is not the proper subject for objections to a Report and Recommendation. *See Hebert v. Unum Grp.*, 2020 WL 5834241, at *5 (E.D. Tex. Sept. 30, 2020) ("[O]bjections to the Report must be specific, and the Court need not consider frivolous, conclusive, or general objections." (citing FED. R. CIV. P. 72(b)(2))). Furthermore, as the Court discusses below, Plaintiff does not demonstrate a violation of any clearly established law.

This objection is overruled.

**B.**

Plaintiff next objects to Defendants' argument that Plaintiff did not state a claim for a violation of the Eighth Amendment. Docket No. 21 at 2.

Again, this fails to respond to any issue raised in the Report; Plaintiff himself characterizes this objection as a response to arguments made by the Defendants, rather than to anything mentioned in the Report. Objections must specifically identify findings or recommendations in the Report and Recommendation. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

This objection is overruled.

**C.**

Finally, Plaintiff objects that the District Court used an improper pleading standard to evaluate his Eighth Amendment claim. He argues that an Eighth Amendment conditions-of-confinement claim does not need to show injury and must only show that the party asserting the claim is at a substantial risk of injury or harm. Plaintiff also asserts discovery will prove that he is left in his cell because of "the locks" on his door.

It appears that the portion of the Report that Plaintiff is objecting to is the Magistrate Judge's analysis of Plaintiff's request for an injunction. On this point, the Court agrees that Plaintiff is not at a substantial risk of injury or harm. Plaintiff does not identify any harm that has come to him from the locks on his door; while it is true that "a remedy need not await a tragic event," *Helling v. McKinney*, 509 U.S. 25, 33 (1993), the Eighth Amendment protects against "sufficiently imminent

dangers," *id.* Conjectural or hypothetical injuries cannot even get Plaintiff over the Article-III standing threshold. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's identified harms all fall into the latter category, as his complaint contains mere speculation about what could happen in the event of a fire. Moreover, Plaintiff's exhibits demonstrate that he is regularly removed from his cell and receives medical treatment. Docket No. 9, Ex. 1. In any event, the Court cannot reasonably hold that prisoners are entitled to not have locks on their cell doors under the Eighth Amendment.

Plaintiff does not identify any violation of the Eighth Amendment, and this objection is overruled.

**II.**

After a review of the record, the Magistrate Judge's Report, Plaintiff's objections, and the relevant law, Plaintiff's objections (Docket No. 21) are **OVERRULED**. Accordingly, the Court hereby **ADOPTS** the Report of the United States Magistrate Judge (Docket No. 19) as the findings of the Court. Defendants' motion to dismiss (Docket No. 15) is **GRANTED**, and the claims asserted in this case are **DISMISSED with prejudice**. The Clerk shall provide a copy of this order to the Administrator of the Three Strikes List for the Eastern District of Texas.

All other motions which may be pending are **DENIED as moot**.

So **ORDERED** and **SIGNED** this **8th** day of **August, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE